UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| Dr. ANNE MCALLISTER OLIVARIUS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.   1:05-cv-00717-JMF |
| DR. DANIEL FRIEDMAN, et al. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS FREISHTAT, BURKE, MULLEN & DUBNOW, LLC,
DAVID FREISHTAT AND STACIE F. DUBNOW'S
MOTION TO STRIKE THE SETTLEMENT ORDER (LOCAL RULE 111),
OR, IN THE ALTERNATIVE, MOTION TO MODIFY THE SETTLEMENT ORDER**

Defendants Freishtat, Burke, Mullen & Dubnow, LLC, David Freishtat and Stacie F. Dubnow (hereinafter collectively "Freishtat") by their attorneys, Alvin I. Frederick, James E. Dickerman and Eccleston and Wolf, P.C., pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, move to strike the Settlement Order (Local Rule 111) entered by the Court on June 7, 2005, or, in the alternative, move to modify the Settlement Order.  The grounds for this motion are as follows:

1.     On June 7, 2005, the Plaintiff voluntarily dismissed all of the claims against all of the Defendants, including Freishtat.  Freishtat consented to the dismissal, which was required under the Rules since Freishtat had filed a Motion for Summary Judgment prior to the filing of the voluntary dismissal.  See, Rule 41(a) of the Federal Rules of Civil Procedure.   There was no "settlement" in this case.

2. Freishtat paid no consideration in exchange for the voluntary dismissal. In fact, Freishtat intends to pursue Rule 11 sanctions against the Plaintiff and his out of State counsel for the filing of a scandalous action in bad faith and/or without substantial justification.

3. As Freishtat paid no consideration for the voluntary dismissal and there was no settlement, the "Settlement Order" entered by the Court does not accurately reflect the disposition of the case. If the Court fails to strike the Settlement Order or modify the Settlement Order to indicate that there was no settlement, the Court file will give the impression that Freishtat paid some consideration for the relief, which is incorrect.

WHEREFORE, for the foregoing reasons, Freishtat respectfully requests that the Court strike the Settlement Order or, in the alternative, modify the Settlement Order to indicate that Freishtat paid no consideration for the voluntary dismissal and that there was no settlement in this case.

                                                           /s/
Alvin I. Frederick  (Fed. Bar No. 01459)
James E. Dickerman (Fed. Bar No. 10687)
ECCLESTON AND WOLF, P. C.
729 E. Pratt Street, 7th Floor
Baltimore, MD 21202-4460
(410) 752-7474
*Attorneys for Defendants Freishtat, Burke, Mullen & Dubnow, LLC, David Freishtat and Stacie F. Dubnow*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of June, 2005, a copy of the foregoing Motion to Strike the Settlement Order (Local Rule 111), or, in the Alternative, Motion to Modify the Settlement Order was mailed first class, postage prepaid, to:

> Andrew D. Levy, Esquire
> Brown, Goldstein & Levy, :LLP
> 120 E. Baltimore Street, Suite 1700
> Baltimore, Maryland 21202-6701
> *Attorney for Plaintiff*
>
> James D. McCarthy, Esquire
> Diamond, McCarthy, Taylor, Finley, Bryant & Lee, LLP
> 1201 Elm Street, Suite #3400
> Dallas, Texas 75270
> *Attorneys for Plaintiff*
>
> Rodney H. Glover, Esquire
> Attison L. Barnes, III, Esquire
> Charles C. Lemley, Esquire
> WILEY REIN & FELDING LLP
> 1776 K Street, N.W.
> Washington, D.C. 2006
> *Attorneys for Defendants Daniel Friedman, Joann Ingerwall, William Donelan, Richard Page, Karen Savransky and Dana Boyd*

                                                  /s/
                              James E. Dickerman