Brown
Goldstein
Levy LLP

Andrew D. Levy
ADL@browngold.com

Also a member of the District of Columbia Bar

120 E. Baltimore St.
Suite 1700
Baltimore, Maryland
21202-6701
Tel: 410-962-1030
Fax: 410-385-0869
www.browngold.com

June 10, 2005

The Honorable J. Frederick Motz
United States District Judge
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    <u>Olivarius v. Friedman, et al.</u>; Civil Action No. JFM-05-717

Dear Judge Motz:

    I am local counsel for the plaintiff, Ann McAllister Olivarius.  I write with reference to the Freishtat Defendants' Motion to Strike, or in the alternative, to Modify the Settlement Order (paper no. 14), and in response to a voice mail message I received from your chambers while I was at lunch asking that plaintiff inform Your Honor of her position today, if possible.

    As I informed counsel for the Freishtat defendants early yesterday morning, plaintiff agrees that references in the Order to settlement are unnecessary since there was no agreement in the traditional sense and no settlement documents or payments are contemplated by the parties.

    Plaintiff does object, however, to these defendants' efforts to load up a simple motion to modify that Order, and their proposed Order, with gratuitous and – to plaintiff – offensive editorializing regarding, first, their unilateral account as to the reasons for the dismissal, an account with which plaintiff does not agree, to put it mildly, and second, the Freishtat defendants' most recent Rule 11 threat (now that their original threats have been mooted by plaintiff's voluntary dismissal).

    With respect to the former, the Freishtat defendants' efforts to include these matters in the Order effectively seeks to have this Court use its offices to advertise the Freishtat defendants' view (and <u>only</u> their view) of the reasons for the dismissal.  This is improper.

    With respect to the latter, the Freishtat defendants' statement that they intend to assert new Rule 11 collateral litigation has no place in a motion of this sort, and prior to their filing the Motion plaintiff requested that the reference be removed, which the Freishtat defendants declined to do.  As such, plaintiff feels obliged to briefly note her objection, and to state for the record her view that any such request for Rule 11 sanctions would itself be frivolous.

    It is obviously unnecessary, however, for the Court to get in the middle of this dispute, since all that is necessary at this stage is for the Court to approve the Stipulation of Voluntary Dismissal (paper no. 12).  I respectfully submit that the Court can most easily and properly do so by simply entering a paperless Order vacating the Settlement Order and approving the Stipula-

BROWN, GOLDSTEIN & LEVY, LLP

The Honorable J. Frederick Motz
June 10, 2005
Page 2

tion, or in the alternative by entering an Order stating:

> Pursuant to stipulation, this action is hereby dismissed with prejudice and this case is administratively closed. This Order replaces and supercedes in all respects this Court's June 7, 2005, "Settlement Order" issued pursuant to Local Rule 111 (paper no. 13), which Order is hereby vacated.

The Court's consideration of these matters is appreciated.

Respectfully,

/s/

Andrew D. Levy

ADL/
cc:   All counsel on electronic filing system
      Laurie Holmes, Esquire, counsel for the "non-Freishtat" defendants (by email)